CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUN 06 2025
LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| CHRIS HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:25-cv-00014 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HARGO LLC, | ) | By:  Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff Chris Harris ("Plaintiff"), proceeding *pro se*, filed a civil suit against Defendant Hargo LLC[1] ("Defendant" or "Hargo"), alleging race discrimination, wrongful termination, retaliation, and loss of wages. Defendant has moved to dismiss Plaintiff's claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7.) For the reasons discussed below, the court will grant that motion and dismiss Plaintiff's claims.

### I. Plaintiff's Allegations

Plaintiff's allegations are sparse but are accepted as true for purposes of ruling on Hargo's motion. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). Plaintiff alleges that he was a Hargo employee, and that at some point, Hargo stopped paying him for time spent at lunch, though it continued to pay other employees for that time. (Compl. at 4 [ECF No. 1].) Plaintiff also alleges that, at some point thereafter, Hargo terminated his employment

---

[1] In his complaint, Plaintiff alleged that his employer was "CCE/Hargo," but Hargo averred in its brief in support of its motion to dismiss that it was Plaintiff's employer and that there is no such entity named "CCE/Hargo." (*See* ECF No. 8.) The court docket will be updated to correctly identify the proper party.

because "a white supervisor" falsely reported that he was "smoking weed." (*See id.*) Plaintiff states that he has been unable to "bounce back" after Hargo terminated him. (*Id.*)

Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission and received a notice of his right to sue on January 22, 2025. (*See* ECF No. 1-2.) Plaintiff then filed suit in this court on March 7, 2025, and Defendant filed the present motion to dismiss on April 18. (ECF No. 7.) The motion has been fully briefed by the parties. The court has reviewed Plaintiff's allegations,[2] the arguments of the parties, and the applicable law, making the motion ripe for disposition.

## II. STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "naked assertion[s] devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not

---

[2] In his brief in opposition, Plaintiff made several factual allegations that are not in his complaint. It is well-settled that, in ruling on a motion to dismiss, the court's review is cabined to the factual allegations contained *only* in the complaint and any attachments thereto. *See, e.g.*, *Tate v. Home Depot*, No. 4:16-cv-00022, 2017 WL 53616, at *2 (W.D. Va. Jan. 4, 2017). Accordingly, the court cannot consider any factual enhancement in his subsequent pleadings. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("[P]arties cannot amend their complaints through briefing.").

do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

Plaintiff is proceeding *pro se*, and for this reason his "complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (2007) (cleaned up). Nevertheless, his complaint must state a right to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678. Moreover, "this liberal construction does not require the court to ignore clear defects in pleading or to conjure up questions never squarely presented in the complaint." *Jefferies v. UNC Reg'l Physicians Pediatrics*, 320 F. Supp. 3d 757, 760–61 (M.D.N.C. 2018) (cleaned up).

### III. ANALYSIS

Hargo seeks dismissal of Plaintiff's complaint on three grounds: (1) he does not allege sufficient facts to state a claim for race discrimination under Title VII of the Civil Rights Act ("Title VII"); (2) he does not allege sufficient facts to state a claim for wrongful termination/retaliation under Virginia Common Law or Title VII; and (3) he does not allege sufficient facts to state a claim for loss of wages under either Title VII or the Fair Labor Standards Act ("FLSA"). The court will address each argument in turn.

#### A. Race Discrimination Under Title VII

Title VII prohibits an employer from discharging or discriminating against any individual "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). "Absent direct evidence, the elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4)

different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). "An employee need not allege specific facts to make out a prima facie case." *Jefferies v. UNC Reg'l Physicians Pediatrics*, 320 F. Supp. 3d 757, 760 (M.D.N.C. 2018) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)). He must, however, allege sufficient facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Plaintiff's allegation of race discrimination apparently stems from his allegation that "a white supervisor" falsely reported him for smoking marijuana at work. (*See* Compl. at 4.) Plaintiff does not allege any facts that suggest this false report was made because of Plaintiff's race. The fact that Plaintiff's supervisor was white and Plaintiff is not[3] is not sufficient to suggest that the allegedly false report and Plaintiff's subsequent termination were racially motivated.

Without facts from which the court could infer that Plaintiff's race was a factor in the ultimate decision to fire him—or that white employees were permitted to smoke marijuana on the job while he was terminated for suspicion of the same—Plaintiff has failed to allege a plausible claim of race discrimination.

### B. Wrongful Termination Under Virginia Common Law[4]

Virginia adheres to the employment at-will doctrine, under which "[a]n employee remains at liberty to leave his employment for any reason or for no reason," and "[b]y the

---

[3] The court assumes Plaintiff is not white, although he does not allege his race.

[4] Insofar as Plaintiff has asserted a federal cause of action under Title VII, the court may exercise supplemental jurisdiction over his state-law claim. *See* 28 U.S.C. § 1367(c); *see Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) ("The doctrine of supplemental jurisdiction 'thus is a doctrine of flexibility, designed to allow courts to

same token, the employer is free to terminate the employment relationship without the need to articulate a reason." *Francis v. Nat'l Accrediting Comm'n of Career Arts & Scis., Inc.*, 796 S.E.2d 188, 190 (Va. 2017) (citing *Johnston v. William E. Wood & Assocs.*, 787 S.E.2d 103, 105 (Va. 2016)).

There are only three circumstances in which Virginia allows "a common law cause of action for wrongful termination of an at-will employee": (1) "[w]hen an employer violated a policy enabling the exercise of an employee's statutorily created right"; (2) "[w]hen the public policy violated by the employer was explicitly expressed in the statute and the employee was clearly a member of that class of persons directly entitled to the protection enunciated by the public policy"; and (3) "[w]hen the discharge was based on the employee's refusal to engage in a criminal act." *Francis*, 796 S.E.2d at 191.

Plaintiff has failed to allege facts suggesting that his termination falls under one of the recognized exceptions to the employment-at-will doctrine. Plaintiff seems to suggest that his termination resulted from the false report that he was smoking marijuana. (*See* Compl. at 4.) But even if that report was false and directly lead to his termination, it does not fall under one of the exceptions to Virginia's employment-at-will doctrine. An employer is free to promulgate anti-drug policies among its employees, and is certainly empowered to terminate them for suspected violations of the same. Even if Hargo was incorrect that Plaintiff was smoking marijuana on the job, its decision to terminate him is not unlawful under the facts alleged. *Cf. Waters v. Churchill*, 511 U.S. 661, 691-92 (1994) (Scalia, J., concurring) ("An employee

---

deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values.'" (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 434, 350 (1988)).

- 5 -

dismissable at will *can* be fired on the basis of an erroneous factual judgment, with no legal recourse . . . ."). Therefore, Plaintiff has not stated a claim for wrongful termination and this claim will be dismissed.

### C. Retaliation Under Title VII

To state a plausible claim for retaliation under Title VII, a plaintiff must allege: "(1) he engaged in a protected activity; (2) he suffered an adverse employment action at the hands of [his employer]; and (3) [the employer] took the adverse action because of the protected activity." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 190 (4th Cir. 2001). An individual engages in a protected activity when he "oppose[s] any practice made an unlawful employment practice by" Title VII. 42 U.S.C. § 2000e–3(a).

While Plaintiff's termination does constitute an adverse employment action, *see, e.g.*, *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998), Plaintiff has not alleged any facts that, taken as true, would show that he engaged in a protected activity or that his engagement in that protected activity was the reason for his termination. Therefore, Plaintiff has failed to allege a plausible claim for retaliation.

### D. Loss of Wages

Insofar as Plaintiff intends his claim for "wages" to be a separate cause of action as opposed to claimed damages for lost wages, his claim may be characterized as a disparate-treatment claim under Title VII. To establish a prima facie case for pay disparity, a plaintiff must show that: (1) plaintiff is a member of a protected class; (2) plaintiff was performing his job satisfactorily; (3) plaintiff suffered an adverse employment action; and (4) the circumstances suggest an unlawfully discriminatory motive. *Spencer v. Va. State Univ.*, 919 F.3d

199, 207 (4th Cir. 2019). Like his race-discrimination and retaliation claims, Plaintiff has failed to allege facts that, if true, would establish that he suffered an adverse employment action because of his membership in a protected class.

Plaintiff alleges that he was forcibly "clocked out" during his lunch break, but other employees were not. Assuming this is true, it could constitute an adverse-employment action. *See, e.g.*, *Burlington Indus., Inc.*, 524 U.S. at 761 ("A[n adverse] employment action constitutes a significant change in employment status, such as . . . a decision causing a significant change in benefits."). But Plaintiff has not alleged any facts suggesting that the failure to pay him for his time during lunch was motivated by unlawful discrimination. In fact, he does not ascribe any motivation at all. To state a claim, Plaintiff must allege facts that would lead to the plausible conclusion that his disparate treatment was racially motivated. *Spencer*, 919 F.3d at 207. Having failed to do so, Plaintiff has failed to state a claim for disparate treatment under Title VII.

Although Plaintiff does not explicitly mention gender or sex in his complaint, insofar as he is attempting to make a claim for lost wages under the Equal Pay Act, his claim also fails. The Equal Pay Act makes it unlawful to discriminate "between employees on the basis of sex" 29 U.S.C. § 206(d). To state a claim under the Equal Pay Act, Plaintiff must allege that: (1) an employer paid higher wages to an employee of the opposite sex who (2) performed equal work on jobs requiring equal skill, effort, and responsibility, (3) under similar working conditions. *Spencer*, 919 F.3d at 203. As Plaintiff has failed to specifically identify any other employees who were allegedly paid for lunch breaks, he has failed to establish a plausible claim under the Equal Pay Act.

Plaintiff has also failed to state a plausible claim for loss of wages under the Fair Labor Standards Act ("FLSA"). "The FLSA is best understood as the 'minimum wage/maximum hour law.'" *Trejo v. Ryman Hospitality Properties, Inc.*, 795 F.3d 442, 446 (4th Cir. 2015) (quoting *Monahan v. County of Chesterfield*, 95 F.3d 1263, 1266 (4th Cir. 1996)). "The substantive section of the FLSA, narrowly focusing on minimum wage rates and maximum working hours, bear out its limited purpose." *Monahan*, 95 F.3d at 1267 (cleaned up).

Plaintiff alleges that, at some point, Hargo stopped paying him for his lunch breaks, but continued to pay other employees. (*See* Compl. at 4.) He has not alleged that he was paid less than the minimum wage required by the FLSA, or that he was required to work more than the maximum time allowed by the FLSA. Without such allegations, he has failed to state a claim under the FLSA.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's complaint fails to state a claim for race discrimination, wrongful termination, retaliation, or loss of wages, and Defendants' motion to dismiss will be granted. The court will give Plaintiff 14 days to file an amended complaint. If he chooses to do so, he should clearly identify each claim he is asserting and support each claim with factual allegations.

The Clerk is directed to forward copies of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 6th day of June, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE